UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CASEY A. BOYLES,
    Petitioner,                                               Civil Action No. 1:03-cv-795

vs.

WARDEN, LONDON CORRECTIONAL         **REPORT AND**
INSTITUTION,                                          **RECOMMENDATION**
    Respondent.                                       (Spiegel, J.; Hogan, M.J.)

**I.    INTRODUCTION**

On October 1, 2001, after a trial to the bench in the Hamilton County, Ohio Court of Common Pleas on two separate cases combined for trial, Petitioner Casey A. Boyles was found guilty of possession of cocaine, possession of marijuana, and trafficking in marijuana. Petitioner was sentenced to three years imprisonment for possession of cocaine in Case No. B-0002553 and to three years imprisonment for possession of marijuana and trafficking in marijuana in Case No. B-0103999. (Doc. 5, Exhs. 4, 5). The sentences in each case were ordered to be served consecutively. Petitioner is incarcerated at the London Correctional Institution in London, Ohio.

Petitioner brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is before the Court upon the petition (Doc. 1) and respondent's return of writ and exhibits thereto. (Docs. 4, 5)[1].

**II.    BACKGROUND**

Petitioner, through counsel, filed a timely direct appeal of his convictions in the Ohio

---

[1] The Court granted petitioner's motion for extension of time to file a response to the return of writ. (Doc. 7). However, as of the date of this Report, no response has been tendered to the Clerk for filing.

Court of Appeals raising five Assignments of Error:

> 1. The trial court erred in finding Mr. Boyles guilty of the lesser included offense of possession of between 100 and 500 grams of non-crack cocaine based solely upon Mr. Boyles' stateme
>
> 2. Mr. Boyles' convictions for possession of cocaine and trafficking of marijuana were not supported by sufficient evidence.
>
> 3. Mr. Boyles' convictions were against the manifest weight of the evidence.
>
> 4. The trial court erred in admitting irrelevant evidence.
>
> 5. The trial court erred in imposing consecutive sentences without providing the explanation required by R.C. 2919(B)(2)(c).

(Doc. 5, Exh. 6). On February 5, 2003, the Court of Appeals affirmed Boyles' convictions. (Doc. 5, Exh. 8, Case No. C-010734).

Boyles did not timely appeal to the Ohio Supreme Court. However, on April 4, 2003, Boyles filed a motion for a delayed appeal with the Ohio Supreme Court. (Doc. 5, Exh. 9). The Ohio Supreme Court granted the motion (Doc. 5, Exh. 10), and Boyles filed his memorandum in support of jurisdiction. On July 30, 2003, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 5, Exh. 13, Case No. 03-615).

### III. BOYLES' PETITION

Boyles filed the instant case raising five grounds for relief:

> **Ground One:** Trial court erred in finding Petitioner guilty of [a] lesser included offense in violation of the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.
> **Supporting Facts:** Trial erred in finding Petitioner guilty of [a] lesser included offense of possession of between 100 and 500 grams of non-crack cocaine based solely on Petitioner's statement and no other evidence.
>
> **Ground Two:** Petitioner's convictions for possession were not supported by

evidence in violation of fundamental due process clause of the United States Constitution.
**Supporting Facts:** Petitioner's convictions for possession of cocaine and trafficking were not supported by sufficient evidence. A conviction based solely on insufficient evidence violates fundamental due process.

**Ground Three:** Petitioner's convictions were obtained in violation of the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.
**Supporting Facts:** Petitioner's convictions were against the manifest weight of the evidence. A conviction which is against the evidence must be reversed on appeal.

**Ground Four:** The trial court erred in violation of the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution in admitting irrelevant evidence.
**Supporting Facts:** The trial court erred in admitting irrelevant evidence. Evidence which is not relevant is inadmissible in a criminal trial.

**Ground Five:** The trial court erred in violation of the First, Fifth, Sixth, Ninth, Eighth, and Fourteenth Amendments to the United States Constitution in imposing consecutive sentences.
**Supporting Facts:** The trial court erred in imposing consecutive sentences without providing [an] explanation required by law. The trial court must provide an explanation on the record to justify the imposition of consecutive sentences.

(Doc. 1 at 5-7).

IV. ANALYSIS

**A. Petitioner's first ground for relief, that the trial court erred in finding him guilty of the lesser included offense of possession of between 100 and 500 grams of non-crack cocaine based solely on his statement and no other evidence, is procedurally defaulted and waived.**

Petitioner contends the trial court erred in finding him guilty of a lesser included offense based solely on his statement. He argues that his out-of-court confession was insufficient by itself to sustain his conviction for the lesser included offense under the "corpus delicti"

rule. Respondent argues that this claim is procedurally defaulted due to petitioner's failure to assert a contemporaneous objection to the admission of his statement during trial.

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).

In the instant case, the Ohio Court of Appeals rendered the last reasoned state court judgment on petitioner's contention that his out-of-court confession was not sufficient by itself to sustain the conviction as follows:

> In his first assignment of error, Boyles states that the trial court erred in finding him guilty of the lesser-included offense of possession of between one hundred and five hundred grams of cocaine based solely upon Boyles's out-of-court statement. He argues that, under the corpus delicti rule, Boyles's out-of-court confession was not sufficient by itself to sustain the conviction. This assignment of error is not well taken.
>
> The "corpus delicti" is the body or substance of the crime, which includes two elements: the act and the criminal agency of the act. *State v. Van Hook* (1988), 30 Ohio St.3d 256, 530 N.E.2d 883; *State v. Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038. Before a court may admit an out-of-court confession, the state must present some evidence outside of the confession to prove the corpus delicti of the charged offense. Nevertheless, the standard is not a demanding one. The state need only present some evidence that tends to prove some material element of the crime charged. *Van Hook*, supra; *State v. Whatley* (Sept. 28, 1994), 1st Dist. No. C-930737.
>
> Boyles was charged with possession of drugs pursuant to R.C. 2925.11, which generally requires the state to prove that the accused knowingly possessed a controlled substance. Boyles admitted to possessing between seven and eighteen ounces of cocaine that police had discovered in a storage facility. After obtaining a search warrant for several units at the facility and discovering several kilograms of cocaine, police officers had determined that one of the units was rented to an individual named Mark Thomas. According to the police officer investigating the case, Thomas "provided information that Casey Boyles assisted him." In taped conversations between Thomas and Boyles, the pair discussed previous drug transactions. Thomas also arranged for a "reverse buy" between Boyles and police officers, which became the subject of another charge against Boyles.
>
> While the evidence was undoubtedly thin as to Boyles's interest in the cocaine in the storage unit before the admission of his confession, it was sufficient to meet the minimal standard of the corpus delicti rule. Further, *Boyles failed to object to the admission of the confession into evidence on that basis, and we cannot hold that any error in its admission rose to the level of plain error*. See *State v. Wickline* (1990), 50 Ohio St.3d 114, 552 N.E.2d 913; *State v. Underwood* (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332. Accordingly, we overrule Boyles's first assignment of error.

5

(Doc. 5, Exh. 8 at 2-3)(emphasis added).

Under Ohio law, the failure to raise a contemporaneous objection to a perceived error in the trial court constitutes a procedural bar to review of the error on direct appeal. *Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000), citing Ohio R. Crim. P. 52; *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977) (citations omitted)), *cert denied*, 531 U.S. 1021 (2000). Ohio courts, however, may perform a limited review of the record to ensure that the alleged error does not amount to a plain error affecting a substantial right. Crim. R. 52.(B); *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369 (1996). The primary issue in the plain-error review is whether the outcome of the trial clearly would have been different without the error. *State v. Braden*, 98 Ohio St.3d 354, 362, 785 N.E.2d 439, 452 (2003), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus.

Although the Ohio Court of Appeals reviewed petitioner's claim under the plain error rule, such review did not constitute a waiver of the procedural default by petitioner. The Sixth Circuit has long held that plain-error review by the state courts does not constitute a waiver of state procedural default rules. *Seymour v. Weaver*, 224 F.3d 542, 557 (6th Cir. 2000), *cert. denied*, 532 U.S. 989 (2001), citing *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989). More importantly for this case, the Sixth Circuit has consistently held that Ohio's contemporaneous objection rule is an adequate and independent procedural rule that bars federal habeas corpus review absent a demonstration of cause for the waiver and resulting prejudice. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423-24 (6th Cir. 2003); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour*, 224 F.3d at 557; *Scott v. Mitchell*, 209 F.3d 854, 866-71 (6th Cir. 2000). Accordingly, if the record shows that the state courts actually enforced

the waiver doctrine and undertook only plain-error review of an issue, the habeas petitioner must show cause and prejudice for the procedural default or a fundamental miscarriage of justice in order to merit federal review.

In the instant case, the Ohio Court of Appeals explicitly found that petitioner failed to object to the admission of his out-of-court confession at trial. The Ohio Court of Appeals reviewed Boyles' claim under a plain error standard, concluding that the claim lacked merit. (Doc. 5, Exh. 8 at 2-3). Clearly, petitioner procedurally defaulted this issue. Petitioner fails to argue cause and prejudice, or a fundamental miscarriage of justice, to excuse this default. Accordingly, his first ground for relief is procedurally defaulted and waived for purposes of federal habeas corpus review.

**B. Petitioner's second ground for relief, that his convictions for possession of cocaine and trafficking in marijuana were not supported by sufficient evidence in violation of the Due Process Clause, is without merit.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, this Federal Court is bound by the state court's adjudication of petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.

1998).  The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).  Finally, this Court must presume the correctness of the state court's factual determinations in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).  With this standard in mind, the Court proceeds to the merits of petitioner's insufficiency of evidence claim.

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970).  In analyzing claims of insufficient evidence, the Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).  This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Id.* at 318-319.  On habeas corpus review, the Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v.*

8

*Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)(citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id*. In addition, circumstantial evidence may be sufficient to support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *See Jackson,* 443 U.S. at 326; *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *Jamison v. Collins,* 100 F. Supp.2d 647, 705 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002). Therefore, the question for this Court is whether the Ohio Court of Appeals' application of the "no rational trier of fact" test, as articulated in *Jackson*, was contrary to or an unreasonable application of that test to the facts of this case. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determinations in the state court were erroneous. 28 U.S.C. § 2254(e)(1); *Mitzel*, 267 F.3d at 530 (6th Cir. 2001).

In overruling his second assignment of error, the state appellate court hearing Boyles' direct appeal made the following findings regarding his claim of insufficient evidence to convict:

> In his second assignment of error, Boyles contends that the state presented insufficient evidence to support his convictions for possession of cocaine and trafficking in marijuana. His argument related to the possession-of-cocaine conviction is largely a restatement of his argument in his first assignment of error. However, in that assignment of error we held that the trial court did not err in admitting his confession where he acknowledged possession of seven to eighteen ounces, approximately 198 to 500 grams, of cocaine found in the storage unit. Consequently, the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Boyles knowingly possessed cocaine in an amount equal to or exceeding 100 but less than 500 grams. It was, therefore, sufficient to support his conviction for possession of cocaine pursuant to R.C. 2925.11(A) and (C)(4)(d). See *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; *State v. Trembly* (2000), 137 Ohio App.3d 134, 738 N.E.2d 93.
>
> Similarly, the state's evidence, when viewed in a light most favorable to the

> prosecution, could have convinced a rational trier of fact that Boyles knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution or distributed marijuana when he knew or had reasonable cause to believe that it was intended for sale or resale. Consequently, the evidence was sufficient to support his conviction for trafficking in marijuana pursuant to R.C. 2923.03(A)(2). See *Jenks*, supra; *State v. Attaway* (Apr. 5, 2001), 8th Dist. No. 77641; *State v. Saleem* (Nov. 19, 1999), 1st Dist. No. C-960921. All links in the chain of drug supply are equally culpable, and the evidence showed that Boyles was clearly a link in the chain of supply. See *State v. Latina* (1984), 13 Ohio App.3d 182, 468 N.E.2d 1139; *State v. Mitchell*, 5th Dist. No. 2001CA00382, 2002-Ohio-6264. Accordingly, we overrule Boyles's second assignment of error.

(Doc. 5, Exh. 8 at 3-4).

The Ohio Court of Appeals fully considered and rejected petitioner's insufficient-evidence claim. This Court finds that the Ohio Court of Appeals' decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as a reasonable determination of the facts in light of the evidence. The Court concludes that sufficient evidence was presented from which any rational factfinder could reasonably determine that petitioner knowingly possessed cocaine in an amount equal to or exceeding one hundred grams but less than 500 grams in violation of Ohio Rev. Code § 2925.11(A) and (C)(4)(d). This included evidence of petitioner's confession, and Regional Narcotics Unit Agent Mercado's testimony concerning the amounts of cocaine discovered at the storage facility and petitioner's relation to the storage facility. (Tr. 142-146, 202-206). Moreover, in reaching its conclusion on this ground for relief, the Ohio Court of Appeals relied on *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), which has adopted the Supreme Court's standard espoused in *Jackson* as a matter of Ohio law. Thus, the evidence was constitutionally sufficient to prove petitioner knowingly possessed a controlled substance under Ohio Rev. Code § 2925.11(A).

Likewise, with regard to the trafficking in marijuana, the Ohio Court of Appeals'

decision is a reasonable application of federal constitutional standards. Ohio Rev. Code § 2925.03(A)(2) provides: "No person shall knowingly . . . [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." The Court of Appeals determined that the evidence showed petitioner "was clearly a link in the chain of supply" and the record supports the Court of Appeals' conclusion. This includes testimony from Agent Mercado showing a safe in petitioner's house containing 1,330.5 grams of marijuana, a scale commonly used for drug trafficking, and approximately $1,400.00 in cash found inside petitioner's residence, as well as the testimony from one Sidney Robbins concerning the amount and placement of marijuana in petitioner's safe and that petitioner would give Robbins a portion of the marijuana. (Tr. 224-231, 379-382). When viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, the evidence is constitutionally sufficient to sustain petitioner's conviction for trafficking in marijuana.

Accordingly, the Ohio Court of Appeals reasonably and correctly applied *Jackson v. Virginia* to petitioner's constitutional claim, and consequently petitioner's Fourteenth Amendment claim lacks merit.

**C. Petitioner's third ground for relief, that his convictions were against the manifest weight of the evidence, is not cognizable in habeas corpus.**

A "manifest weight of evidence" claim, which is based on a state law concept that is "both quantitatively and qualitatively different" from a constitutional due process sufficiency of evidence standard, *see Tibbs v. Florida,* 457 U.S. 31, 41-47 (1982), and *State v. Thompkins,* 78

Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997), *superseded by state constitutional amendment on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding such as this. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence–as opposed to one based upon insufficient evidence–requires the appellate court to act as a "thirteenth juror" and to review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720 (1st Dist. Ohio 1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court. Therefore, petitioner's third claim should be dismissed as non-cognizable.

**D. Petitioner's fourth ground for relief, that the trial court erred in admitting irrelevant evidence, is not cognizable in habeas corpus and has been waived.**

Petitioner's Fourth Ground for relief asserts the trial court erred in admitting irrelevant evidence during his trial. However, the petition fails to set forth the particular evidence allegedly admitted in error by the trial court. Nor does petitioner allege any underlying facts supporting this averment. Assuming, arguendo, that petitioner is raising the same claim he presented to the Ohio Court of Appeals on direct appeal, any claim of State-law error is not cognizable in this habeas proceeding. Additionally, any claim of federal constitutional error has not been fairly presented to the State court and has therefore been waived.

This Court is precluded from reviewing petitioner's claim of State-law error raised on direct appeal. In the Ohio Court of Appeals, petitioner asserted that certain items of irrelevant evidence were admitted by the trial court in violation of Ohio Rule of Evidence 402. This evidence included two undestroyed kilograms of cocaine recovered from Mark Thomas' storage locker; photographs of two computer receipts found in the master bedroom of petitioner's house bearing petitioner's name; and approximately $1,400.00 in United States currency located in the master bedroom of petitioner's house. (Doc. 5, Exh. 6 at 12-13). Petitioner supported his argument by citation to only Ohio state case law. Petitioner did not assert any violations of federal law or the United States Constitution, nor cite to any federal cases in support of his claim. (Doc. 5, Exh. 6 at 12-14). A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Likewise, "[h]abeas review does not encompass state courts rulings on the admission of evidence unless there is a constitutional violation." *Clemmons*

*v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Therefore, to the extent petitioner raises a claim of solely State-law error, his claim provides no basis for this Court's granting of habeas relief.

To the extent Ground Four of the petition generally alleges a violation of petitioner's constitutional rights in connection with the trial court's evidentiary rulings (Doc. 1 at 6), petitioner has failed to fairly present any federal constitutional claims to the Ohio courts and has committed a procedural default. Petitioner failed to present both the factual and legal underpinnings of any alleged federal constitutional violations to the State court. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). Because the only legal theory presented to the Ohio Court of Appeals was predicated entirely on State evidentiary law, petitioner failed to inform the Ohio court of a specific constitutional claim. *See Franklin*, 811 F.2d at 326. By failing to fairly present any federal constitutional claim to the Ohio courts, petitioner committed a procedural default, and has waived such claim for habeas review unless he establishes cause for the default and actual prejudice as a result of the alleged error, or demonstrates that the failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has not provided any justification as "cause" for his procedural default. Nor has he demonstrated that failure to consider any procedurally defaulted constitutional claim will result in a fundamental miscarriage of justice. Accordingly, he has waived any constitutional claim associated with Ground Four for purposes of federal habeas corpus review.

**E. Petitioner's fifth ground for relief, that the trial court erred in imposing consecutive sentences without providing an explanation required by law, is not cognizable**

14

**in habeas corpus.**

Petitioner claims the trial court erred by failing to provide an explanation on the record to justify the imposition of consecutive sentences. (Doc. 1 at 7).   The Ohio Court of Appeals addressed this issue as follows:

> In his fifth assignment of error, Boyles contends that the trial court erred in sentencing him to serve consecutive sentences. He argues that although the trial court made the required findings, it did not give its reasons for making those findings as required by R.C. 2929.19(B)(2)(c). The record demonstrates that the court's sentences were based upon Boyles's criminal history, particularly that one of the offenses was committed while he was on bail awaiting trial for another offense. Under the circumstances, we cannot hold that the trial court's sentences were contrary to law or that they were not supported by the evidence, and we will, therefore, not disturb them. See *State v. Edmonson*, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; *State v. Hill*, 1st Dist. No. C-020137, 2002-Ohio-7079; *State v. Parsons* (Nov. 26, 1999), 1st Dist. No. C-980900. Accordingly, we overrule Boyles's fifth assignment of error and affirm his convictions.

(Doc. 5, Exh. 8 at 5-6).

Petitioner reiterates this claim in his habeas corpus petition.  Petitioner, in effect, argues that the trial court violated state law when sentencing him.  However, there is no federal constitutional right to compel a state court to follow procedures that are established by state law. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley,* 465 U.S. at 41.  A violation of state law is not cognizable in a federal habeas corpus proceeding and petitioner has not demonstrated how this error constitutes a fundamental miscarriage of justice or a violation of his right to procedural due process of law.  *See Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.), *cert. denied*, 525 U.S. 1025 (1998).  Accordingly, petitioner's state law claim concerning the imposition of consecutive sentences without providing an explanation pursuant to state law is not cognizable on habeas review and should be dismissed.

15

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the constitutional claims alleged in Grounds One and Four of the petition, which this Court has concluded is barred from review on waiver grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2] A certificate of appealability also should not issue with respect to the remaining claims alleged in Grounds Two through Five of the petition, which were addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   1/19/2006                             s/Timothy S. Hogan
         Kl                              Timothy S. Hogan
                                         United States Magistrate Judge

---

[2]Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claim for relief in Ground One of the petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CASEY A. BOYLES,
    Petitioner,                                                    Civil Action No. 1:03-cv-795

    vs.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,
    Respondent.                                                (Spiegel, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:03cv795

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Casey A Boyles<br>A417-174<br>London Corr. Inst.<br>1580 St. Route 56 S.W.<br>PO Box 69<br>London, OH 43140-0069 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7001 2510 0008 6348 2559 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540