```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

CASEY A. BOYLES,                :
                                : NO. 1:03-CV-00795
    Petitioner,                 :
                                :
                                :
  v.                            :
                                : **OPINION AND ORDER**
                                :
WARDEN, LONDON CORRECTIONAL     :
INSTITUTION,                    :
                                :
    Respondent.                 :

      This matter is before the Court on the Magistrate Judge's January 19, 2006 Report and Recommendation (doc. 9).  Plaintiff filed no objection.

      In his Report and Recommendation, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be denied with prejudice (doc. 9).  The Magistrate Judge found no basis to grant Petitioner relief on any of the five grounds of relief raised by Petitioner (Id.).  The Court, having reviewed the Magistrate Judge's Report and Recommendation, finds it well-taken, and ADOPTS such Report and Recommendation in its entirety.

      The Magistrate Judge found that Petitioner's first ground for relief, that the trial court erred in finding him guilty of the lesser-included offense of possession of between 100 and 500 grams of non-crack cocaine based solely on his statement and no other evidence, is procedurally defaulted and waived (Id.).  The Magistrate Judge noted that the Ohio Court of Appeals explicitly

noted that Petitioner failed to object to the admission of his out-of-court confession at trial, and concluded Petitioner's claim lacked merit (Id.).  The Magistrate Judge found that Petitioner clearly procedurally defaulted on the issue, and fails to argue cause and prejudice, or a fundamental miscarriage of justice, to excuse such default (Id.). Accordingly, the Magistrate Judge found Petitioner's first ground for relief is procedurally defaulted and waived for purposes of federal habeas corpus review (Id.).

The Magistrate Judge found without merit Petitioner's second ground for relief, that his convictions for possession of cocaine and trafficking in marijuana were not supported by sufficient evidence in violation of the Due Process Clause (Id.). The Magistrate Judge found the state court's decision was not contrary to nor involved an unreasonable application of clearly established federal law (Id.).  The Magistrate Judge carefully reviewed the state court proceedings and found the evidence against Petitioner constitutionally sufficient to sustain Petitioner's conviction for trafficking in marijuana (Id.).

As for Petitioner's third ground for habeas corpus relief, that his convictions were against the manifest weight of the evidence, the Magistrate Judge found no cognizable ground for relief (Id.).  The Magistrate Judge found that a manifest weight of evidence claim is based on a state law concept that is different from a due process sufficiency of evidence standard (Id. citing

Tibbs v. Florida, 457 U.S. 31, 41-47 (1982) and State v. Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997) superceded by state constitutional amendment on other grounds in State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997)).  The Magistrate Judge stated that because a federal habeas court does not act as an additional state appellate court, vested with authority to conduct an exhaustive review of the entire record, weigh the evidence and consider the credibility of witnesses to determine whether the jury "lost its way," Petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court (Id.).

Similarly, the Magistrate Judge found Petitioner's fourth ground for relief, that the trial court erred in admitting irrelevant evidence, not cognizable in habeas corpus and waived (Id. citing Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994)). Petitioner's fifth ground for relief, that the trial court erred in imposing consecutive sentences without providing an explanation required by law, the Magistrate Judge found, is also not cognizable in habeas corpus (Id. citing Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.) cert. denied, 525 U.S. 1025 (1998)).

Petitioner was afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation might result in a

-3-

waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court also notes that Petitioner filed no objection to the Report and Recommendation.  Accordingly, the Court hereby ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 9).  The Court further DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and DENIES to issue a certificate of appealability with respect to the constitutional claims in Grounds One and Four of the Petition, which this Court has concluded is barred from review on waiver grounds, because under the first prong of the two-part standard articulated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.  Because this Court finds that the first prong of the two-part Slack standard has not been met in this case, it need not address the second prong of Slack as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim for relief in Ground One of the Petition.  Slack, 529 U.S. at 484.  A certificate of appealability also should not issue with respect to the remaining claims alleged in Grounds Two through Five of the Petition, which were addressed on the merits herein, because Petitioner has failed to make a

substantial showing of the denial of a constitutional right based on these claims.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith; and therefore any leave to proceed in forma pauperis on appeal is therefore DENIED. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: March 7, 2006         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge